UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HERBERT CASTANEDA,<br><br>               Petitioner,<br><br>vs.<br><br>DERRAL G. ADAMS, Warden,<br><br>               Respondent. | Case No. EDCV 07-0496-CAS (RNB)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed all the records and files herein, including the Report and Recommendation of the United States Magistrate Judge and the objections to the Report and Recommendation filed by petitioner.

      Petitioner contends in his objections that the AEDPA one-year limitation period constitutes a violation of his First Amendment right to petition Government for the redress of grievances. The Court notes, however, that petitioner has failed to cite any authority for this proposition and in fact, the same contention has uniformly been rejected by those courts that have considered it. See Greer v. Berghuis, 2007 WL 2984100, *3 (E.D. Mich. Oct. 12, 2007); Infante v. Artuz, 2002 WL 460049, *4 (E.D.N.Y. Feb. 12, 2002); Greene v. Angelone, 2002 WL 32882692, *1 (E.D. Va. Feb. 8, 2002), dismissed by 31 F. Appx. 287 (4th Cir.), cert. denied, 537 U.S. 889 (2002); Sharp v. Cary, 2002 WL 202375, *3 (N.D. Cal. Feb. 1, 2002). This Court

concurs with the rationale and conclusion of those courts. In enacting 28 U.S.C. § 2244(d), Congress has not prevented petitioner from petitioning the Government for redress of grievances. Rather, the statute of limitations provision merely requires that the petition be filed within a one-year period, unless the period is otherwise statutorily or equitably tolled. See also Green v. White, 223 F.3d 1001, 1003-04 (9th Cir. 2000) (holding that "[t]he one-year limitation does not violate the Suspension Clause because it is not jurisdictional and may be subject to equitable tolling").

Petitioner further contends in his objections that the failure of his appellate counsel to advise him of the AEDPA limitation period for filing a federal habeas petition constituted ineffective assistance of appellate counsel and thus an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States," within the meaning of 28 U.S.C. § 2244(d)(1)(B). The Court rejects this contention. First, petitioner did not have a federal constitutional right to the assistance of counsel in filing his federal habeas petition. As noted in the Report and Recommendation, where no constitutional right to counsel exists, there can be no claim for ineffective assistance. See Wainwright v. Torna, 455 U.S. 586, 587-88, 102 S. Ct. 1300, 71 L. Ed. 2d 475 (1982); Miller v. Keeney, 882 F.2d 1428, 1432 (9th Cir. 1989) ("If a state is not constitutionally required to provide a lawyer, the constitution cannot place any constraints on that lawyer's performance."); see also Sanchez v. United States, 50 F.3d 1448, 1456 (9th Cir. 1995) ("there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding" and "[w]ithout such a right, [petitioner] cannot assert a claim for ineffective assistance of counsel"). Second, it appears from the Court's review of the record herein that petitioner's appellate counsel, Mr. Stanley, was privately retained as opposed to court-appointed. Accordingly, the Court fails to see how any actions of Mr. Stanley could qualify as "State action."

Petitioner further contends in his objections that he is entitled to equitable tolling because his habeas counsel, Ms. Waite, misadvised him concerning the

limitation period. According to petitioner, Ms. Waite incorrectly advised him that, while the federal limitation period already had run, it could be "resurrected" by filing a state court habeas petition. The Court also rejects this contention. See, e.g., Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir.) (holding that attorney miscalculation of AEDPA limitations period did not merit equitable tolling), cert. denied, 537 U.S. 1003 (2002); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) ("[T]he miscalculation of the limitations period by [the petitioner's] counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling."), cert. denied, 535 U.S. 1055 (2002).

Finally, the Court rejects petitioner's contention that an evidentiary hearing is warranted here. Rather, the Court concurs with respondent and the Magistrate Judge that there is no need to even decide the issue of whether petitioner is entitled to equitable tolling based on the alleged conduct of his appellate attorney and Ms. Waite, and no need to conduct an evidentiary hearing or further develop the record with respect to petitioner's equitable tolling claim, because, even if petitioner was entitled to equitable tolling based upon the alleged conduct of those two attorneys, he still has not met his burden of demonstrating entitlement to sufficient equitable tolling to render the filing of the original Petition herein timely.

Thus, having made a de novo determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge.[1]

//
//

---

[1] The Court notes that footnote 1 of the Report and Recommendation contains a typographical error. The signature date on petitioner's first state habeas petition was February 12, 2001, not February 12, 2006. This typographical error does not alter the analysis of the statutory tolling issue. See Report and Recommendation at 9.

1  IT THEREFORE IS ORDERED that: (1) respondent's Motion to Dismiss is
2  GRANTED; and (2) that Judgment be entered denying the First Amended Petition
3  and dismissing this action with prejudice.
4  IT FURTHER IS ORDERED that the Clerk shall serve copies of this Order and
5  the Judgment herein by United States mail on petitioner and counsel for respondent.

7  DATED: _January 17, 2008_

  _Christina A. Snyder_
  CHRISTINA A. SNYDER
  UNITED STATES DISTRICT JUDGE

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.
DATED  1-18-08
DEPUTY CLERK  D. DeBose